IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELIZABETH GATES, § | |
| § | |
| Plaintiff, § | |
| § | No. 3:21-cv-508-E-BN |
| V. § | |
| § | |
| CARRINGTON MORTGAGE § | |
| SERVICES, LLC, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Ada Brown. *See* Dkt. No. 3.

Defendant Carrington Mortgage Services, LLC ("Carrington") has filed a Motion to Dismiss on all claims brought by Plaintiff Elizabeth Gates. *See* Dkt. No. 6. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Defendant's motions to dismiss for failure to state a claim.

**Background**

This case concerns misconduct related to the loan servicing and attempted foreclosure of Plaintiff Elizabeth Gates's home in Lancaster, Texas ("the Property"). *See* Dkt. No. 1-2, Ex. 1. In February 2005, Elizabeth Gates and her now ex-husband Eugene Gates purchased a home and obtained a mortgage loan from America's

Wholesale Lender. Mr. Gates executed a note and deed of trust promising to repay the $135,000 loan secured by a lien on the Property. *See id.* at ¶ 8-9. Ms. Gates executed the deed of trust as non-borrower spouse. *See* Dkt. No.8-1, Ex. 1.

On June 9, 2014, after filing for divorce, Ms. Gates was awarded the Property along with the balance owed on the loan. *See* Dkt. No.1-2, Ex.1, ¶ 10-11. Gates alleges that, within a week after being awarded the Property in the divorce settlement, she contacted Bank of America, whom she believed was the current mortgage loan servicer to notify them that she was now the sole owner of the Property subject to the mortgage loan. *See id.* at ¶ 12. Bank of America allegedly told her that Carrington had been assigned the servicing of her loan and that she would need to contact them with copies of the divorce decree and special warranty deed. *See id.* Gates alleges that she tried to notify Carrington and provided them all of the requested paperwork but that Carrington "refused to acknowledge Plaintiff's numerous requests to update the loan records" and told her they would only speak to Eugene Gates and would not communicate with her directly or accept her loan payments. *Id.* at ¶ 13-15.

Gates alleges that, because of Carrington's refusal to acknowledge her as the sole owner and obligor, she was unable to make her monthly loan payments. *See id.* at ¶ 16. When, "[s]everal months later, on or about 2015," Gates did speak to Carrington, she was so far behind on her payments that she needed loss mitigation assistance. *Id.* Gates alleges that Carrington's representative advised her to seek a loan modification, which she completed the paperwork for, but that, when she submitted the application, Carrington denied it without explanation. *Id.* at ¶ 17-18.

Since then, Gates has filed multiple bankruptcies, each of which the court has dismissed for various reasons. *See id.* at ¶ 20-30. Gates alleges that, through each of these cases, she has made payments to Carrington through the bankruptcy trustee but claims that Carrington has not provided her with any information about her loan, including any notice of default or opportunity to cure advising her of the amount due and owing to cure the default and the time period required to cure. *See id.* at ¶ 31.

In January 2021, Gates received notice from Carrington that her loan had been accelerated and that the Property was posted for foreclosure sale on March 2, 2021. *See id.* at ¶ 32.

On February 26, 2021, Gates filed this lawsuit in state court seeking injunctive relief to prevent the foreclosure sale and bringing claims for (1) breach of contract; (2) common law fraud; and violations of the Texas Debt Collection Act ("TDCA"). *See* Dkt. No. 1-2, Ex. 1. Carrington promptly answered and removed to federal court on the basis of diversity of citizenship. *See* Dkt. No. 1. And Carrington then filed this Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough

specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint

does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are

central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

### I. Gates failed to adequately plead a claim for breach of contract

Carrington first moves for dismissal on the grounds that Gates has failed to state a claim for breach of contract.

Gates alleges that Carrington breached the Deed of Trust by accepting payments that she made via the trustee during her bankruptcy cases but failing to provide her with a notice of default and opportunity to cure before accelerating the loan and posting the property for foreclosure sale. Gates contends that issuance of these notices is a condition precedent to exercising the power of sale under the provisions and the deed of trust and that Carrington's failure to provide her with the requisite notice violated the terms of the deed and caused her actual damages.

Carrington argues that Gates's breach of contract claim fails because she does not adequately plead performance, breach, or damages with regard to the breach of the Deed of Trust.

To succeed on a breach of contract claim under Texas law, the plaintiff must show that (1) there exists a valid contract; (2) plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) defendant's breach proximately caused the plaintiff damages. *See Am. Gen. Life Ins. Co. v. Kirsch,* 378 F. App'x 379, 383 (5th Cir. 2010).

Although Gates alleges that she "made numerous payments to the trustee during her bankruptcy cases," she admits that she has failed to perform under the deed of trust by defaulting on her payments after June of 2014. *See* Dkt. 1-2, Ex. 1.

With respect to breach, Carrington urges the Court to take judicial notice of documents attached to its dismissal motion showing that Carrington issued Gates notices of default with an opportunity to cure on August 30, 2018 and that Gates signed for delivery of those notices. *See* Dkt. No. 8-1. But deciding whether these documents are central to the complaint and may thus be judicially noticed is unnecessary to resolve this motion, because Gates fails to plead damages and thus cannot sustain her breach of contract claim. While Gates states that Carrington's alleged breach of the deed of trust "is a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this court," nowhere in the Complaint does she state what those damages are or how the alleged breach proximately caused them. The only potential injury discernable from the Complaint, though it is not referenced, is the threat of foreclosure. But "[t]he threat of foreclosure, by itself, does not suffice as actual damages to sustain a breach of contract claim." *Kirwa v. Wells Fargo Bank, N.A.*, No. 4:18-cv-707-ALM-CAN, 2019 WL 2575058, at *5 (E.D. Tex. June 3, 2019).

Gates's breach of contract claim should be dismissed without prejudice.

## II. Gates's failed to adequately plead a claim for fraud

Gates's fraud claim should likewise be dismissed because her claim is barred by the statute of frauds and she otherwise fails to plead her claim with the requisite particularity.

Gates alleges that, in 2015, Carrington told her she would be provided with a loan modification if she submitted a complete loan modification application but then

failed to approve a loan modification or explain to her why her application was denied. Gates further alleges that she relied on these false statements of material fact to her detriment and that this reliance proximately caused her to sustain actual damages.

As a preliminary matter, the statute of frauds bars Gates's fraud claim. "It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, including modifications of those agreements." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing TEX. BUS. & COM. CODE § 26.02).

The purported agreement between Gates and Carrington for Gates to receive a loan modification if she submitted a complete loan modification application would modify the terms of the original $135,700 loan and is subject to the statute of frauds. Gates has neither attached a written agreement, nor alleged that one exists; and so the alleged agreement does not satisfy the statute of frauds. *See Law v. Ocwen Loan Servicing, LLC*, 587 Fed. App'x. 790, 794 (5th Cir. 2014) ("[B]ecause the loan agreement ... was required to satisfy the Statute of Frauds, so too was the proposed modification agreement. Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of a breach can be based.").

Gates's fraud claim further fails because she does not plead sufficient facts to support her claim. To establish her fraud claim, Gates must show that (1) Carrington made a representation to her; (2) the representation was material; (3) the representation was false; (4) Carrington knew or recklessly disregarded the possible falsity of the representation when they made it; (5) Carrington made the representation with the intent that Gates act on it; (6) Gates relied on the

representation; and (7) the representation caused her injury. *See Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

And fraud claims must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). At a minimum, the plaintiff must plead the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal citations omitted).

In her Complaint, Gates generally alleges that, in 2015, Carrington promised her a loan modification after she submitted a complete loan modification application. She includes no facts alleging specifically when in the year 2015, where or in what form the offer was made, or who within Carrington made this representation. Neither does Gates plead any facts that suggest Carrington made the representation with the requisite state of mind. She merely states that Carrington committed fraud "intentionally, knowingly, and/or with malice." Neither does Gates indicate how she relied on the representation or how her alleged reliance proximately caused her injury. In sum, her allegations are insufficient, and her fraud claim should be dismissed without prejudice for this reason as well.

**III.    Gates failed to adequately plead violations of the TDCA**

Gates's final claim is that Carrington violated TDCA Sections 392.301(a)(7), 392.301(a)(8), 392.304(a)(8) and 392.304(a)(19) by failing to provide her with a notice of default.

To establish a TDCA claim, a plaintiff must show (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant violated the TDCA; (4) the violation was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's violation. *See* TEX. FIN. CODE § 392.001 *et seq*. As with her other claims, Gates fails to plead sufficient facts showing that Carrington violated the TDCA and that she suffered damages as a result.

Sections 392.301(a)(7) and 392.301(a)(8) prohibit a debt collector from threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings and/or threatening to take an action prohibited by law. *See* TEX. FIN. CODE § 392.301(a)(7)-(8). Sections 392.304(8) and 392.304(19) prohibit misrepresenting the character, extent, or amount of a consumer's debt or a consumer's debt status in a judicial or governmental proceeding and/or using any other false representation or deceptive means to collect a debt or obtain information about a consumer. *See* TEX. FIN. CODE § 392.404(8), (19).

Gates argues that Carrington violated each of these provisions by "repeatedly failing, neglecting, or refusing to ever provide Plaintiff with the required Notice of

Default and Opportunity to Cure…after having received and accepted several monthly payments from Plaintiff through the bankruptcy trustee," and by accelerating the loan and posting the Property for foreclosure sale. Dkt. No. 1-2, Ex.1 at ¶ 44.

But TDCA Section 392.301(a) "does not apply to debt collectors who are 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.'" *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 191 (quoting TEX. FIN. CODE § 392.301(b)(3)). And foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage. The Fifth Circuit has held that, "'irrespective of any statutory notice requirements,' the threat to foreclose does not violate the TDCA so long as the debt collector has not 'waived its contractual right to foreclose.'" *Id.* (quoting *Rucker v. Bank of America*, 806 F.3d 828 (5th Cir. 2015)). In other words, "so long as such a 'contractual right' has not been waived, the TDCA is not violated by failing to comply with relevant notice requirements in attempting to exercise the right." *Id.* at 191-92. Gates admits in her Complaint that she defaulted on the loan. *See* Dkt. No. 1-2, Ex. 1. And she does not plead any facts showing that Carrington waived its contractual right to foreclosure.

As to the Section 392.304 claims, Gates pleads no facts that give the Court any sense of how Carrington has, as she argues, misrepresented the character, extent, or amount of her debt, or used false representation or deceptive means to collect on her debt or obtain information about her.

And she pleads no facts showing that she was injured and that Carrington's alleged TDCA violations caused her injury.

As such, Gates has not sufficiently stated facts establishing damages for a TDCA claim and the Court should grant Carrington's motion to dismiss on the TDCA claim and dismiss the claims without prejudice.

**Recommendation**

The Court should grant Defendant Carrington's Motion to Dismiss [Dkt. No. 6] and dismiss Gates's claims for breach of contract, fraud, and violations of the Texas Debt Collection Act without prejudice and should grant Gates 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint to replead her claims, if she can, consistent with this recommendation and the conclusions and findings above and should order that, if she fails to do so, her claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE